UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA ALLARD and DAVID ALLARD,

                        Plaintiffs,

                                                                                                                                  8:20-CV-1327

           v.                                                                                              (DJS)

ERIC M. DRASYE, MICHAEL J. DONAH,
and ADIRONDACK FIREPLACE,

                        Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

VARCADIPANE & PINNISI, P.C.           SOPHIA SORAYA, ESQ.
Attorneys for Plaintiffs                      JEFFREY W. VARCADIPANE, ESQ.
28 Liberty Street, 39th Floor
New York, New York 10005

MICHAEL LOGIUDICE, LLP               MICHAEL LOGIUDICE, ESQ.
Attorney for Plaintiffs
2022 Route 22, Suite 105
Brewster, New York 10509

KELLY & LEONARD, LLP                  THOMAS E. KELLY, ESQ.
Attorneys for Defendants
199 Milton Avenue, Suite 5
Ballston Spa, New York 12020

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      Plaintiffs Patricia and David Allard have filed a Motion for Partial Summary Judgment on the issue of liability in this diversity-based automobile accident case. Dkt. No. 25. Defendants' counsel has not opposed the Motion. Dkt. No. 26. For the reasons

stated herein, the Motion for Partial Summary Judgment on the issue of liability is granted.

## I. FACTUAL AND PROCEDURAL HISTORY

According to the Complaint, on October 24, 2019, Defendant Eric Drasye was operating a Dodge Ram pickup truck on Park Street in the Village of Tupper Lake, with the consent of his employer, Adirondack Fireplace and Michael Donah. Dkt No. 1, Compl. at ¶¶ 9-12. At the same time, Plaintiffs Patricia and David Allard were in their Ford Escape in the parking lot of Shaheen's Adirondack Inn, prepared to turn onto Park Street. Compl. at ¶ 25. Mr. Allard was driving, and Patricia was in the front passenger seat. Compl. at ¶¶ 21-22. It is alleged in the Complaint that, solely due to the negligence of Defendant Drasye, his vehicle left his lane of travel on Park Street and struck Plaintiffs' vehicle while it was stopped in the parking lot. Compl. at ¶¶ 26, 33, & 36. As a result of the collision, it is alleged that both Plaintiffs sustained serious injuries as defined by § 5102(d) of the Insurance Law of the State of New York. Compl. at ¶¶ 37 & 47. Plaintiffs seek compensation for their injuries and for economic loss, as well as the resulting loss of consortium with their respective spouse. Compl. at ¶¶ 39, 49, 51, & 53.

The accident was investigated by the Tupper Lake Police Department, and a Police Accident Report was prepared. Dkt. No. 25-2 at p. 23.[1] Photographs were taken, and an accident reconstruction diagram was created. *Id.* at pp. 23-25 & 269-278. Part of the Police Report contains the self-report of Defendant Drasye (identified as "V1"). In

---

[1] Docket No. 25-2 consists of exhibits to the affirmation of Plaintiffs' counsel. Citations are to page numbers supplied by the Court's CM/ECF system.

particular, the Accident Report states: "V1 states he went to swerve around a legally parked vehicle. He states that when he turned his wheel the wheel locked causing him to hit a Utility Pole. V1 then hit V2 which was at the end of the parking lot waiting to enter Park Street." *Id.* at p. 23.

In connection with the discovery aspect of the case, Plaintiffs propounded various Interrogatories to the Defendants. In their Interrogatory Responses, Defendants acknowledged that Eric Drasye was an employee of Defendant Donah and Adirondack Fireplace, and that he was operating the vehicle with the consent of his employer. *Id.* at pp. 29 & 35-36. Interrogatory #7 asked Defendants if they contend that the Dodge Ram being operated by Defendant Drasye malfunctioned in any way, and in response the Defendants stated: "There is no contention that the defendant vehicle malfunctioned." *Id.* at p. 30.

Depositions of the parties were then conducted. Plaintiff David Allard testified that he was waiting to exit from the Shaheen's parking lot, onto Park Street, when he saw a truck traveling down the street at a high rate of speed. *Id.* at pp. 56-57. While the Allards' Ford Escape remained stopped in the parking lot, the truck owned by Defendants and operated by Drasye, suddenly veered 30 - 45 degrees to the left, crossed over the opposite lane, left the road completely, hit a telephone pole, and finally struck the Allards' vehicle. *Id.* at pp. 55-63.

Defendant Drasye was deposed and testified regarding his operation of the Dodge Ram company vehicle at the time of the incident. *Id.* at pp. 164-248. Drasye testified that as he was driving down Park Street in the Dodge Ram he observed a vehicle backing

out of a driveway, behind a vehicle that was already parked on the street. *Id*. at p. 198. He swerved his vehicle to the left, over the double yellow lines. *Id*. at pp. 194, 198-210, & 214. He maintains that at this point his steering wheel locked up,[2] and he did not regain control of his truck until after it struck a utility pole and then the Plaintiffs' stopped vehicle. *Id*. He never braked before the collision and believes he was traveling at 32 miles an hour, in a 30 mile per hour zone. *Id.* at pp. 198, 202, & 204. He was ticketed by the police for failure to keep right and recalls paying a fine. *Id.* at pp. 227-228; *see also id.* at p. 278 (Certificate of Disposition).

## II. DISCUSSION

A grant of summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). Rule 56 mandates the entry of summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Before summary judgment may be granted, the court "must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Exp.,* 766 F.3d 189, 194-95 (2d Cir. 2014).

---

[2] At his deposition, however, Defendant Drasye confirmed that the Interrogatory Responses of the Defendants, including the fact that there was no malfunction of the vehicle, were accurate. Dkt. No. 25-2 at p. 230.

Once a plaintiff has established a prima facie case of negligence, it becomes defendant's obligation to submit evidentiary proof in admissible form raising triable issues of material fact in order to defeat the motion for summary judgment. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980).

The Complaint alleges that Drasye was negligent in the operation of his vehicle and caused the underlying accident. Compl. at ¶¶ 33 & 43. New York law applies to this diversity action. *Toscano v. Petsmart, Inc.*, 2018 WL 813633, at *4 (N.D.N.Y. Feb. 9, 2018). "Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002).

The driver of an automobile owes a duty of care to operate his vehicle in a "safe and prudent manner." *Galasso v. Wegmans Food Mkts., Inc.*, 53 A.D.3d 1145, 1145, (4th Dep't 2008); *see also Hodder v. United States*, 328 F. Supp. 2d 335, 341 (E.D.N.Y. 2004). Defendants do not dispute that Drasye had a duty of care while operating his vehicle on the day in question. *See* Dkt. No. 8; FED. R. CIV. P. 8(b)(6).

In the present case, Plaintiffs have amply established a breach of that duty through the submission of admissible evidence, including the Interrogatory Responses, Defendant Drasye's statements after the accident and at his deposition, and the Police Accident Report. Briefly summarized, that evidence established that Drasye was driving fast, Dkt. No. 25-2 at pp. 57 & 110, but he conceded that the brakes were not applied to slow his rate of speed. *Id.* at p. 209. Plaintiffs were not located on the roadway at the time of the

accident and were stopped. *Id.* at p. 210. Drasye was ticketed as a result of the accident and ultimately fined for failing to keep right. *Id.* at p. 278. These uncontested facts establish a breach of the duty of care. *See*, *e.g.*, *A.H. by Horowitz v. Precision Indus. Maint. Inc.*, 2021 WL 2417610, at *3 (N.D.N.Y. June 14, 2021). Nothing in the record before the Court indicates any negligence on the part of the Plaintiffs contributing to the accident, and indeed they were not even in the roadway when they were struck on the side by the Defendants' vehicle.

There is also no question that Defendants' vehicle striking Plaintiffs was the proximate cause of the accident and Plaintiffs' subsequent injuries.

While it is true that "negligence cases do not generally lend themselves to resolution by motion for summary judgment," this is one of those rare cases. *See Stinehour v. Kortright*, 157 A.D.2d 899, 900 (3d Dep't 1990) (citation and internal quotation omitted).

The Court makes one final note regarding the nature of the relief sought in the present Motion. The Motion papers make clear that the circumstances underlying the accident and Defendants' alleged negligence are the crux of the present Motion. And while it appears that both Plaintiffs were injured, and that Patricia Allard's injuries are quite severe, the present Motion does not specifically address the issue of "serious injury," as that term is defined by New York's Insurance Law, particularly as to Mr. Allard's injuries. The Insurance Law requires proof of a serious injury to recover more than basic economic loss. *Comba v. United States*, 535 F. Supp. 3d 97, 106-107 (E.D.N.Y. 2021). Accordingly, this Court's finding of liability against the Defendants leaves open the issue

of serious injury and what amount Plaintiffs may recover since those matters are "quintessentially an issue of damages, not liability." *Id.* at 106.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' Motion for Partial Summary Judgment on the issue of liability, Dkt. No. 25, is hereby **GRANTED**; and it is further

**ORDERED**, that the matter shall proceed to trial solely on the issue of damages, which shall include evidence as to whether one or both of the Plaintiffs sustained a serious injury under the Insurance Law; and it is further

**ORDERED**, that a telephone conference will be held at 10:00 a.m. on February 28, 2023 for purposes of setting a trial date in this matter; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated:  January 24, 2023
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge